IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY PEARSON, #42272-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-4460-D-BK |
| | § | (3:10-CR-206-D-3) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement containing an appellate-rights waiver, Petitioner pled guilty to conspiracy to distribute 50 grams or more of crack cocaine and was sentenced to 210 months of imprisonment followed by a 5-year term of supervised release.  Upon counsel's filing of an *Anders* brief, the United States Court of Appeals for the Fifth Circuit determined there were no non-frivolous issues and dismissed the appeal. *United States v. Pearson*, 496 F. App'x 478, 479 (5th Cir. 2012).

In this timely section 2255 motion, Petitioner asserts his guilty plea was involuntary, counsel rendered ineffective assistance, his sentence is unconstitutional under *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151 (2013), and his criminal history was miscalculated. [Doc. 2 at 2-4, 17-18].  The government argues the section 2255 motion lacks merit, and Petitioner has filed a reply.  [Doc. 8; Doc. 12].

1

## II. ANALYSIS

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996). Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. *See also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("counsel has a duty to make reasonable

2

investigations or to make a reasonable decision that makes particular investigations unnecessary). Failure to establish either deficient performance or prejudice defeats the claim. *Strickland*, 466 U.S. at 697. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### Voluntariness of Guilty Plea and Ineffective Assistance of Counsel (Claims 1-2)

Petitioner asserts his guilty plea was not knowing and voluntary due to counsel's bad advice regarding a stipulation contained in the factual resume – namely that Petitioner "converted over three kilograms of powder cocaine into crack cocaine over the course of the conspiracy." [Doc. 2 at 13; Crim. Doc. 70 at 2]. He contends counsel "induced him to plead guilty" by erroneously informing him that "he would only be held accountable for the 60 gram transaction," that he would receive a 10-year sentence, and that the stipulation and plea were "a good deal." [Doc. 2 at 13-15]. In addition, Petitioner asserts counsel rendered ineffective assistance by failing to object to the amount of drugs stipulated in the factual resume and refusing to withdraw his guilty plea. [Doc. 2 at 3-4]. Petitioner alleges that although he advised counsel through letters sent before and after his guilty plea that he disagreed with the stipulated amount and wished to withdraw his guilty plea (see attachment to his brief in support), Petitioner maintains counsel ignored his requests. [Doc. 2 at 14, 16, 26, 28]. Petitioner also argues that if counsel had advised him that he would be pleading guilty to the three-kilogram stipulated amount, he would not have accepted the plea agreement and would have insisted on going to trial. [Doc. 2 at 14; Doc. 12 at 3]. Petitioner's assertions, however, are contradicted by the record and his admissions and testimony during rearraignment.

3

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007).

A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *Cervantes,* 132 F.3d at 1110. Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

In this case, the only conclusion supported by the record is that Petitioner's guilty plea was knowing and voluntary. During the Rule 11 hearing, Petitioner confirmed under oath that no one had coerced or threatened him in any way to enter his guilty plea, that no one had made any promises to cause him to enter into the plea agreement, and that he was pleading guilty freely and voluntarily because he was guilty. [Crim. Doc. 361 at 8-9]. He assured the Court that no one had made any predictions or promises about the sentence. [Crim. Doc. 361 at 14]. He also confirmed that he understood only the Court would determine and assess the sentence *after* considering the Presentence Report (PSR) and consulting the Sentencing Guidelines, and

4

that he would be bound by his plea even if the sentence was higher than expected. [Crim. Doc. 361 at 14-16].

Regarding the factual resume, he advised the Court that he had reviewed the factual resume and understood it, and that the facts contained therein were true and correct. [Crim. Doc. 361 at 19-20]. Petitioner admitted the stipulated facts confirmed that he was "in fact guilty of the offense and establish[ed] the drug quantity necessary for the enhanced penalties provided by law." [Doc. 12 at 3; Crim. Doc. 361 at 20-21]. Moreover, while Petitioner did not initial the second page of the factual resume, which contained the stipulation regarding the three-kilogram amount, Petitioner signed the factual resume along with his counsel. [Doc. 12 at 3; Crim. Doc. 70 at 3].

Petitioner maintains that during the hearing, he questioned his counsel about the stipulation and, after speaking to the prosecutor, counsel again assured Petitioner that he would not be accountable for the three-kilogram amount stipulated in the factual resume. [Doc. 2 at 15; Doc. 12 at 18]. Although the record reflects that Petitioner sought and received clarification from counsel during the hearing, [Crim. Doc. 361 at 7, 23-24], those private consultations are not memorialized in the record which, as summarized above, refutes Petitioner's claims here. Tellingly, after consulting with his attorney in private, Petitioner never sought to clarify any facts contained in the stipulation or to contest in any way his averment that the stipulated facts contained in the factual resume were true and correct. Id.

Lastly, the Court notes that Petitioner also had abundant time after the entry of his guilty plea and through sentencing, about seven months later, to advise the Court that his guilty plea was involuntary and coerced, and/or that he was dissatisfied with defense counsel's conduct. Yet, at sentencing, Petitioner voiced no objection or concern about his plea, complaining only

about being held responsible under the guidelines for the stipulated three-kilogram quantity. [Crim. Doc. 362 at 3-5].

In addition, the circumstances in *United States v. Moya*, 730 F.Supp. 35, 37 (N.D. Tex. 1990) (Fitzwater, J.), where the defendant stipulated to responsibility for a much lesser quantity of controlled substances than that actually found by the PSR, are inapposite. Contrary to Petitioner's assertions here, his PSR did not find him accountable for only 488 grams of crack cocaine, representing just three transactions. [Crim. Doc. 149-1 at 37-38, ¶¶ 82-85]. Rather, based on the probation investigation (detailed in the PSR and reflecting Petitioner's involvement in the conspiracy for over one year) and his stipulation that he converted over three kilograms of powder cocaine into crack cocaine during the conspiracy, the PSR found that Petitioner should "be held accountable for the stipulated amount of 3 kilograms of crack cocaine." [Crim. Doc. 149-1 at 38, ¶ 85; Crim. Doc. 149-1 at 10-37, ¶¶ 8-80 summarizes the conspiracy]. That notwithstanding, here, just as in *Moya*, the stipulation entered into by the parties was not binding upon the Court. *Moya*, 730 F.Supp at 39-40.

Petitioner's contention that counsel was ineffective for failing to move to withdraw his guilty plea likewise fails. [Doc. 2 at 17]. Petitioner has not shown that such a motion likely would have been granted. A district court must consider the following seven factors when a criminal defendant who has pled guilty seeks to withdraw his plea: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). While Petitioner

disputes the three-kilogram amount stipulated in the factual resume, he has not asserted, much less established his innocence, the involuntariness of his plea, or the ineffective assistance of counsel at all stages.  In addition, his motion would likely have wasted judicial resources as he evidently did not seek to file such a motion until sentencing.

Furthermore, in light of the evidence that Petitioner's guilty plea and factual stipulations were knowing and voluntary, counsel had no nonfrivolous basis to object.  *See [United States v. Preston,](#) 209 F.3d 783, 785 (5th Cir. 2000)* ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."); *see also [United States v. Lewis,](#) 467 Fed. Appx. 298, 299 (5th Cir. 2012)* (citing *[United States v. Villegas-Rodriguez,](#) 171 F.3d 224, 230 (5th Cir. 1999)* (counsel is not ineffective for failing to argue meritless guideline objection).  As the District Court concluded at sentencing, defense counsel could not in good faith have objected to the three-kilogram drug amount.  [Crim. Doc. 361 at 8].  Indeed the Court advised Petitioner that "under [USSG] 1B1.3 the definition of relevant conduct includes not just drugs that you handled or distributed or cooked or were involved with, but it is more broadly a concept that deals with jointly undertaken activity, reasonably foreseeable acts in furtherance of the conspiracy."  [Crim. Doc. 361 at 8].

In summary, the record of this case, together with Petitioner's testimony at his re-arraignment hearing, clearly establish that Petitioner's decision to plead guilty was not coerced and that it was entirely knowing, intelligent, and voluntary.  Petitioner has also failed to demonstrate that counsel's performance was deficient.  Therefore, claims 1 and 2 fail.

### *Alleyne* renders Sentence Unconstitutional (Claim 3)

Petitioner references *Alleyne v. United States*, 133 S. Ct 2151, 2155 (2013), stating that any fact that increases the penalty for a crime must be submitted before a jury and found beyond a reasonable doubt. [Doc. 2 at 17]. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. 133 S. Ct. at 2155. However, *Alleyne* is inapplicable here.

As an initial matter, the United States Court of Appeals for the Fifth Circuit has held that *Alleyne* did not establish a new rule that may be applied retroactively on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (addressing retroactivity of *Alleyne* in the context of a successive section 2255 motion); *Mena v. United States*, No. 3:13-CV-3065-D, 2013 WL 6200170, at *2 (N.D. Tex. Nov. 27, 2013) (holding *Alleyne* does not apply retroactively to a timely section 2255 motion). Moreover, as the government correctly argues, *Alleyne* has no impact on advisory guideline calculations. [Doc. 8 at 19]. Petitioner complains of an increase in offense level as a result of the three-kilogram amount stipulated in the factual resume and possession of a weapon. [Doc. 2 at 18-19; Crim. Doc. 149-1 at 40, ¶¶ 96-97]. Neither enhancement, however, raised the mandatory minimum sentence. They were but one factor in the calculation of the advisory guideline range of punishment, which was <u>within</u> the sentencing range prescribed by the statute. *See Alleyne*, 133 S. Ct. at 2163 (stating that "[o]ur ruling today does not mean that any fact that influences judicial discretion must be found by a jury" and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013) (*Alleyne* has no impact on advisory guideline calculations).

In conjunction with *Alleyne*, Petitioner also asserts that his offense of conviction carried a mandatory minimum of five years. [Doc. 2 at 18]. Although Petitioner cites neither the Fair Sentencing Act ("FSA") nor *Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012), the government concedes that *Dorsey* applies to him and, thus, that his crime of conviction actually carried a statutory range of five to forty years in prison, rather than ten years to life as was presumed at sentencing.[1] [Doc. 8 at 19]. However, since his sentencing guideline range of 210-262 months remains the same, the Government contends Petitioner is not entitled to relief. [Doc. 8 at 20].

Here, the pre-FSA 10-year mandatory minimum did *not* affect the calculation of Petitioner's sentence. *See United States v. Kinchen,* 729 F.3d 466, 476 (5th Cir. 2013). The Court sentenced Petitioner to 210 months imprisonment, a term significantly above the 10-year mandatory minimum, based on the nature of the offense, his involvement in the offense, and the possession of a firearm. [Crim. Doc. 362 at 28-32, 35]. Nothing indicates the Court would have imposed a different sentence if it had recognized the retroactive applicability of the FSA. *See United States v. Williams,* 505 F. App'x 343, 344 (5th Cir.) (unpublished), *cert. denied,* 133 S. Ct. 2375 (2013). The United States Court of Appeals for the Fifth Circuit has recently instructed that in such instances—i.e., where "the mandatory minimum was *not* the basis for the district court's [sentence]"—"*any* error in not recognizing the FSA's retroactive applicability was harmless." *Kinchen,* 729 F.3d at 476 (emphasis added) (citing *Williams,* 505 Fed. App'x at 344); *see also United States v. Henderson*, 3:13-CV-1045-D-BK, 2014 WL 1724853, at *4 (N.D. Tex.

---

[1] The FSA increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum. *Dorsey,* 132 S. Ct. at 2329. *Dorsey* held that the FSA applies to pre-Act offenders sentenced after its effective date of August 3, 2010. *Id.* at 2326.

9

2014) (denying section 2255 motion because pre-FSA 5-year mandatory minimum was not the basis for the calculation of Petitioner's sentence and the court's failure to recognize the retroactive application of the FSA was harmless).

Accordingly, claim three lacks merit and should be denied.

### Criminal History Point Calculation (Claim 4)

Lastly, Petitioner challenges the PSR's calculation of 15 criminal history points. However, his claim is barred because guideline challenges are not cognizable on section 2255 review.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under section 2255). As the Government correctly asserts, his claim is also barred by the appellate waiver.  *United States v. White*, 307 F.3d 336, 339-340 (5th Cir. 2002).  Therefore, claim 4 fails.

### III. CONCLUSION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED July 15, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

11